A. & J. R. Simpson *v.* E. T., Va. & Ga. R. R. Co.

Railroad. *Negligence. Burden of proof.* In an action against a railroad company for setting fire to a barn by sparks from a locomotive, the communication of the fire being proven, it is incumbent upon the company to show by proof that the loss was not in consequence of negligence on its part, and that the engine was properly constructed and in good condition.

FROM WASHINGTON.

Appeal in error from the Circuit Court of Washington county. Newton Hacker, J.

H. H. Ingersoll for Simpson.

Geo. Brown and C. R. Vance for Railroad.

Turney, J., delivered the opinion of the court.

The proof is sufficient to support the verdict.

It is objected that the court erred in instructing the jury, "that if it were satisfied the barn was fired

Simpson *v.* Railroad Company.

by sparks from an engine of the defendant, and the loss to plaintiff was in consequence, then it was incumbent on the defendant to show by proof that the loss was not in consequence of negligence on its part, and that its engine was in good condition and up to the present state of the art in its construction, so as to prevent as far as possible the happening of such accidents as the one complained of." This is a correct exposition of the law.

Ordinary persons, or persons not connected with the operation of railroads and their machinery, are not presumed to be able to detect and point out its defects. If they were they would seldom, if at all, have an opportunity for examination after the mischief has resulted. It will rarely happen that they know what particular engine or train caused the injury.

On the other hand, railroad companies are not only presumed to know the condition of their roads and machinery, but the law demands of them to know it, and to keep them in such condition as to prevent accidents to persons and property because of defects.

Affirmed.